1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRODERICK J. WARFIELD,                    Case No.  2:22-cv-00782-TLN-JDP (PS)

12                   Plaintiff,                 ORDER GRANTING PLAINTIFF'S MOTION
                                                TO PROCEED *IN FORMA PAUPERIS* AND
13          v.                                  DENYING HIS MOTIONS TO APPOINT
                                                COUNSEL AND TO SEAL
14   SOLANO COUNTY PUBLIC
     DEFENDERS OFFICES, *et al.*,               ECF Nos. 2, 4, & 17
15
                     Defendants.                FINDINGS AND RECOMMENDATIONS
16                                              THAT PLAINTIFF'S COMPLAINT BE
                                                DISMISSED AS FRIVOLOUS, HIS
17                                              MOTIONS FOR INJUNCTIVE RELIEF BE
                                                DENIED, AND HIS REMAINING MOTIONS
18                                              BE DENIED AS MOOT

19                                              ECF Nos. 3, 6, 20, 25, & 30

20                                              OBJECTIONS DUE WITHIN FOURTEEN
                                                DAYS
21

22          On May 10, 2022, plaintiff filed a complaint and an application to proceed *in forma*

23   *pauperis*.[1]  ECF Nos. 1 & 2.  Since that time, he has filed, in rapid succession, numerous

24   amended complaints and several motions, including two motions for injunctive relief, a motion

25   for appointment of counsel, a motion to seal, a motion for information, and request for electronic

26

27          [1] Plaintiff's most recent complaint was filed January 23, 2023.  ECF No. 30.  Because the
     amended complaint supersedes the original complaint, I will screen the amended complaint.  *See*
28   *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

                                                1

1   filing.  ECF Nos. 3, 4, 6, 17, 20, & 25.  His most recent complaint, identified as his seventeenth

2   amended complaint, alleges that twenty-one defendants violated a collection of approximately

3   twenty federal and state statutes.  I recommend that the operative complaint be dismissed without

4   leave to amend and that plaintiff's motion for injunctive relief be denied.[2]  I will also grant

5   plaintiff's application to proceed *in forma pauperis*, which makes the required showing under

6   28 U.S.C. § 1915(a), and deny both his motion to seal and his motion for appointment of counsel.

7                                **Screening and Pleading Requirements**

8           This complaint is subject to screening under 28 U.S.C. § 1915(e).  That statute requires

9   the court to dismiss any action filed by a plaintiff proceeding *in forma pauperis* that is frivolous,

10  malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

11  against a defendant who is immune from suit.  28 U.S.C. § 1915(e)(2)(B).

12          A complaint must contain a short and plain statement that plaintiff is entitled to relief,

13  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

14  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

15  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

16  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

17  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

18  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

19  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

20  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

21  n.2 (9th Cir. 2006) (en banc) (citations omitted).

22          The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*,

23  404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

24  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

25  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

26  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

27  ────────────────────

28          [2] Given that this action should be dismissed as frivolous, I also recommend that plaintiff's
    motions for information and to file documents electronically be denied as moot.

                                                2

1    of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

2    1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

### Analysis

4          Plaintiff's complaint consists of disjointed allegations that primarily concern two factually

5    unrelated events.[3]  First, plaintiff appears to allege that several attorneys and investigators

6    employed by the Solano County Public Defender's Office violated the Racketeer Influenced and

7    Corrupt Organizations Act ("RICO") and various criminal statutes by withholding information

8    concerning the murder of a Vallejo police officer.  ECF No. 30 at 2-9.  He alleges that in 2011, he

9    notified a 911 operator that his friend, Vallejo Police Officer Capoot, was going to be murdered.

10   *Id*. at 9, 11.  The relevant authorities allegedly ignored the information, and Officer Capoot was

11   shot and killed.  *Id*.  Plaintiff appears to allege that the Fairfield Police Department concealed that

12   they had received his warning, and instead arrested him for placing an annoying phone call.  *Id*. at

13   11.

14         Plaintiff also alleges several claims concerning a state court order authorizing a hospital to

15   medicate him against his will.  *Id.* at 12-15.  As far as I can discern, he alleges that he was found

16   incompetent, and that Solano County Superior Court Judge E. Bradley Nelson authorized the

17   Napa State Hospital to forcibly inject him with psychotropic medication.  *Id.*  Plaintiff states that

18   Jess Sullivan, a reporter for McNaughton Newspapers Daily Republic, wrote a news article

19   discussing the court's decision, and in it made several defamatory statements.[4]  *Id*. at 15.

20         Plaintiff's complaint does not comport with Rule 8's requirement that it present a short

21   and plain statement of his claims.  Fed. R. Civ. P. 8(a).  As an initial matter, the first few pages of

22   the complaint list numerous defendants, statutes, and regulations, but the complaint fails to

23   identify which defendant allegedly violated each specific statute or regulation.  *See generally*

---

[3] In addition, the complaint contains vague allegations concerning an alleged failure by the National Archives to properly maintain documents.  The relevance of these allegations, however, cannot be easily gleaned from the complaint.

[4] Plaintiff has attached a copy of the news article to several filings.  According to the article, the catalyst behind Judge Nelson's decision was plaintiff's use of a payphone at the Napa State Hospital to make approximately sixty bomb threats directed at the New Jersey Port Authority.  ECF No. 20 at 2.

ECF No. 30.  "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."  *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  More fundamentally, the majority of statutes cited by plaintiff are criminal and thus do not provide a private right of action.  Private citizens can neither initiate federal criminal charges nor compel a governmental body to bring such charges.  Further, "criminal statutes . . . do not give rise to civil liability."  *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006).

While plaintiff specifically identifies RICO in his allegations, he fails to state how each defendant violated the statute.  *See Pineda v. Saxon Mortg. Servs.*, 2008 WL 5187813, at *4 (C.D. Cal. Dec. 10, 2008) ("It is not enough for [a plaintiff] to rely on mere labels and conclusions" to establish a RICO claim but rather, plaintiff must give each defendant notice of the particular predicate acts in which that defendant participated and must allege each predicate act with specificity).

Additionally, the *Rooker-Feldman* doctrine prevents this court from disturbing Judge Nelson's order regarding plaintiff's medication.  *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) ("Under *Rooker-Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court."); *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) ("[T]he United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings.").  Moreover, the defendant judges are immune from suit based on their actions as judges.  *See Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) ("The general rule . . . is that judges are immune from suit for judicial acts within and even in excess of their jurisdiction even if those acts were done maliciously or corruptly; the only exception to this sweeping cloak of immunity exists for acts done in 'the clear absence of all jurisdiction.'"); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).

Accordingly, the operative complaint should be dismissed for failure to state a claim.  Given plaintiff's allegations, I find that granting an opportunity to amend will not cure the

complaint's deficiencies.[5]  Therefore, I recommend that the dismissal be without further leave to amend.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

### Motions for Injunctive Relief

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).  "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

Plaintiff's moves for the Solano County Public Defender's Office to "return[] USAF Federal documents of PHI information back to the National Archives Administration of the Federal Government" and that the office stops "all misrepresentations" within the Solano County judicial district.  ECF No. 3 at 1; ECF No. 20 at 1.  Plaintiff states that at a hearing on January 23, 2018, a court denied his *Marsden* motion, found him incompetent, and ordered him to take psychotropic medication against his will.[6]  ECF No. 3 at 3; ECF No. 20-1 at 2.  He also asks that the Napa State Hospital cease medicating him against his will, that the article published by Jess Sullivan be removed from the internet, and that California Superior Court Judges Bradley Nelson and William Prendergast be removed from of cases concerning him.  ECF No. 20-1 at 2.

In finding plaintiff's complaint inadequate to proceed past screening, I necessarily

---

[5] Plaintiff's prior complaints contained similar incoherent allegations.  Plaintiff has also filed other cases involving similar allegations, none of which have survived screening.  *See Warfield v. McNaughton Daily Republic* Newspaper, No. 2:22-cv-01951-DAD-KJN, 2023 WL 359598, at *1 (E.D. Cal. Jan. 23, 2023) (dismissing plaintiff's complaint without leave to amend for failure to state a claim); *Warfield v. Hale*, No. 2:22-cv-01950-DAD-KJN (PS), 2022 WL 16748841, at *1 (E.D. Cal. Nov. 7, 2022) (same).

[6] A *Marsden* motion in California law is one in which a defendant seeks to relieve his or her counsel and to have a new attorney appointed.  *Schell v. Witek*, 218 F.3d 1017, 1021 (9th Cir. 2000) (citing *People v. Marsden*, 2 Cal. 3d 118, 84 (1970)).

1   recommend that his motions for preliminary injunctive relief be denied.  To obtain such relief, a

2   plaintiff must show, among other factors, a likelihood of success on the merits.  *See Winter*, 555

3   at 20.  He has made no such showing.

4                        **Motion to Appoint Counsel**

5                Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand*

6   *v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an

7   attorney to represent plaintiff.  *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296,

8   298 (1989).  The court can request the voluntary assistance of counsel.  *See* 28 U.S.C.

9   § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford

10  counsel"); *Rand*, 113 F.3d at 1525.  But without a means to compensate counsel, the court will

11  seek volunteer counsel only in exceptional circumstances.  In determining whether such

12  circumstances exist, "the district court must evaluate both the likelihood of success on the merits

13  [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the

14  legal issues involved."  *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

15               Plaintiff argues that he requires a court-appointed attorney because he is not experienced

16  in federal law and would suffer without adequate representation.  ECF No. 4 at 1.  Having

17  considered these factors, the court does find not that there are exceptional circumstances

18  warranting appointment of counsel.  Plaintiff's motion is therefore denied as to his request for

19  appointment of counsel.

20                        **Motion to Seal**

21               Plaintiff has filed a motion seeking to seal two documents: exhibit 1A, which he describes

22  as "confidential case file information that pertain[s to] the involuntary use of forced medication

23  while admitted to the Calif. Dept. Hospitals, Napa" and the judgment and sentencing abstract

24  from Solano County Superior court case FCR 329227.  ECF No. 17 at 2.  However, plaintiff has

25  neither complied with Local Rule 141 nor sent the court the documents that he seeks to have

26  sealed.  Accordingly, the motion to seal is denied.

27               Accordingly, it is, it is ORDERED that:

28               1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2.  Plaintiff's motions for appointment of counsel and to seal, ECF Nos. 4 & 17, are denied.

Further, it is RECOMMENDED that:

1.  Plaintiff's motions for injunctive relief, ECF Nos. 3 & 20, be denied.

2.  The operative complaint, ECF No. 30, be dismissed without leave to amend.

3.  Plaintiff's motions for information and to file documents electronically, ECF Nos. 6 & 25, be denied as moot.

4.  The Clerk of Court be directed to close the case.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court. Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    January 26, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE